532 So.2d 270 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
James W. MATTHEWS, Defendant-Appellant.
No. CR88-192.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1988.
Kathrine S. Williamson, Alexandria, for defendant-appellant.
Clifford R. Strider, III, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Defendant, James W. Matthews, pleaded guilty to the crime of manslaughter, a violation of La.R.S. 14:31, and was given the maximum sentence of twenty-one years at hard labor. He appeals raising two assignments of error: failure to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1, and imposition of a constitutionally excessive sentence. We find that there was indeed a failure to sufficiently comply with the guidelines, and the sentence appears excessive. We vacate the sentence and remand for re-sentencing.
On December 5, 1986, the defendant approached Clauda Sells, a co-worker, as Sells was sitting in his vehicle. Defendant was angry and intoxicated. There had been an ongoing, job-related dispute between the two about pay. Sells stepped out of his vehicle and the defendant stabbed him once between the ribs. Sells later died. Defendant admitted he stabbed Sells, but claimed throughout that Sells struck at him first and from behind. Defendant pleaded *271 guilty to manslaughter after the charge was reduced from second-degree murder.
The defendant Matthews was 48 years old at the time of this offense. He had no felony record, and his misdemeanor record consisted of only a few alcohol related minor offenses. The presentence investigation report indicated that he had two teenage children, that he had a history of steady employment as a pulpwood cutter, and that he came from a stable family environment. He was well regarded in the sawmill community of Lena, Louisiana, his home; 131 people signed a petition to the sentencing court requesting leniency for him. The incident appears to have been a true manslaughter; the defendant inflicted only one wound, and that in the heat of passion while drinking. The sentencing judge recognized this when, during sentencing, the court commented that the defendant was originally "overbilled" and that second-degree murder charges were not well founded.
At the sentencing the trial judge focused only on the seriousness of the offense, the taking of a human life, as the justification for the maximum sentence. Only one other reason was articulated in the imposition of sentence, and that was the court's rejection of the defendant's claim that the deceased struck at him first. No other factors contained in the sentencing guidelines were mentioned.
The trial judge is required to state for the record the considerations taken into account, and the factual basis therefor, in imposing sentence. La.C.Cr.P. art. 894.1; State v. Schaeffer, 414 So.2d 730 (La.1982). Articulation of the reasons for sentence under Article 894.1 is especially important in cases where the maximum sentence is imposed. State v. Brockett, 471 So.2d 867 (La.App.2nd Cir.1985).
The trial court does not have to state every aggravating and mitigating factor but the statutory guidelines in Article 894.1 must be adequately considered. State v. Quebedeaux, 424 So.2d 1009 (La. 1982), appeal after remand 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App.3rd Cir.1983).
Important elements which should be considered include defendant's personal history, prior record, seriousness of the instant offense, and likelihood of recidivism, or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983), appeal after remand 508 So.2d 915 (La.App.4th Cir.1987); State v. Ezernack, 408 So.2d 907 (La.1981).
Several mitigating factors appear in the presentence report in the present case which were not mentioned by the trial judge in passing sentence, and which may not have been considered by him. Accordingly, we must conclude that the trial court failed to comply with Article 894.1 in sentencing Matthews.
Failure to comply with Article 894.1 does not automatically render a sentence invalid. State v. Davis, 448 So.2d 645 (La.1984); State v. Wimberly, 414 So.2d 666 (La.1982). In Wimberly, supra at 672, the court stated:
"In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge's failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant's complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for resentencing on an adequate record, including strict compliance with Article 894.1."
As long as the record clearly reflects an adequate basis for the sentence imposed, remand is unnecessary. State v. Lanclos, 419 So.2d 475 (La.1982).
A sentence is unconstitutionally excessive, in violation of Article I, § 20 of the Louisiana Constitution of 1974, if it is grossly disproportionate to the severity of the offense or nothing more than a needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State *272 v. Bonanno, 384 So.2d 355 (La.1980). Even a sentence within statutorily authorized limits can be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). Maximum sentences are reserved for the worst offenders. State v. Quebedeaux, supra.
The record reflects that the defendant was charged with the crime of second-degree murder and allowed to plead guilty to the lesser crime of manslaughter. Ordinarily, a trial court can consider that the defendant benefited from being permitted to plea bargain in passing sentence. Lanclos, supra. However, that is not the case here as there is no evidence the defendant was guilty of second-degree murder. In this case defendant's plea agreement cannot be viewed as a factor to support a lengthy sentence.
It is true as the trial judge stated that this is an extremely serious crime; a life was taken. Still, as defense counsel points out in her brief, all manslaughters are serious crimes resulting in loss of life. The defendant is a first felony offender, 48 years old, with two children and a steady employment history. The record in this case does not clearly support a maximum sentence. We accordingly vacate the sentence imposed and remand for re-sentencing in compliance with C.Cr.P. 894.1.
SENTENCE VACATED; REMANDED FOR RESENTENCING.