NORRIS, Judge,
dissenting in part.
I concur in the majority’s treatment of the applicability of LSA-C.Cr.P. art. 893.1 and LSA-R.S. 14:95.2 to this case.
I respectfully dissent, however, from the majority’s conclusion that the trial court’s levy of the absolute maximum sentence imposable by law is not excessive. Admittedly, sentence review is difficult at best. I agree that this defendant committed a very serious crime and deserves a stiff sentence. The record reflects that defendant and the victim argued over the victim’s refusal to repay money the defendant previously loaned him. As a result of the argument, the defendant pulled a pistol and shot the victim twice. The second shot was inflicted while the victim was running away.
Defendant, 35 years old at the time of sentencing, has a wife from whom he was recently separated when this crime was committed, and two minor children. He maintained gainful employment from the time he was discharged from the army in the middle 1970s until he quit his job with LSU Medical Center in April of 1988. He has a criminal history of misdemeanor convictions for receiving stolen property, trespass, assault with a deadly weapon and gambling.
As stated, defendant received the absolute maximum sentence imposable by law for a defendant charged with and convicted of manslaughter where a firearm was used, 23 years at hard labor without benefit of probation, parole or suspension of sentence. Maximum sentences are reserved for the most serious violations of the offense described and the worst type of offenders. Nothing else will justify the great sentencing discretion afforded the trial judge. State v. Jones, 398 So.2d 1049 (La.1981). This sentencing rule is applicable to the crime of manslaughter. State v. Freeman, 521 So.2d 783 (La.App. 2d Cir.1988).
This defendant was indicted and convicted for the crime of manslaughter. This is not a plea bargain situation where second degree murder was charged and manslaughter was the plea. This case does not present a compromise verdict after a trial. The sentencing judge should not have based his sentence in this case in part on what he felt the defendant “could have been charged with.” Furthermore, the transcript of the sentencing hearing strongly indicates that the sentencing judge had concluded that the maximum sentence of 21 years at hard labor authorized under LSA-R.S. 14:31 was warranted before he was informed, on the morning of sentencing, that LSA-C.Cr.P. art. 893.1 was applicable to this situation. This may well have precluded a careful consideration of the sentence that should have included a weighing pf the effects of art. 893.1 and LSA-R.S. 14:95.2.
In my opinion, this case does not present a situation of the most serious violation of the crime of manslaughter and this defendant is not the worst type of offender. All manslaughters are serious crimes resulting in loss of life. Not all manslaughter convictions, however, merit maximum sentences. State v. Matthews, 532 So.2d 270 (La.App. 3d Cir.1988). I would remand for resentencing with instructions that, utilizing 893.1 and 14:95.2, defendant should be resentenced to a total of not more than 18 years at hard labor without benefit of probation, parole or suspension of sentence. The two consecutive years mandated by 14:95.2 should also be without credit for good time.