MARVIN, Chief Judge.
On the belief that FSG Grid Cell 5-F was applicable, and that this Grid Cell recommended an incarceration range of only 6-9 months for the negligent homicide of a 14-month-old child who was left unattended in a bathtub, the trial court departed upward and sentenced the 20-year-old mother to the maximum statutory term of five years at hard labor. LRS 14:12,32.
On the mother’s appeal, we vacate that sentence and remand to allow the trial court to resentence in the light of the amendments to the grid guidelines which became effective six days before the sentence was imposed on May 26, 1992. The seriousness ranking for negligent homicide was amended upward from level five to level four. FSG § 401, as amended by the Louisiana Sentencing Commission, effective May 20, 1992. See Louisiana Register, May 20, 1992. The incarceration range recommended by Grid Cell 4-F is 18-36 months.
Even before the sentencing guidelines were adopted, a trial court could not consider the effect of a bargained-for plea to a different or lesser crime than the crime charged where there was no evidence that the defendant’s conduct constituted the crime charged. See State v. Matthews, 532 So.2d 270 (La.App. 3d Cir.1988).
Here there is no suggestion that this defendant committed manslaughter or any greater crime than negligent homicide under these circumstances: She intentionally left unattended for 20 or so minutes, her two-year-old and her 14-month-old in a bathtub in four inches of water, knowing that the two-year-old had a habit or tendency of turning on one or both faucets. Fortunately the two-year-old was able to remove himself from the 120 degree water, but the younger child was scalded and died, while in the tub, of congestive heart failure. Compare the circumstances and the four-year sentence in State v. Williams, *1224 497 So.2d 333 (La.App.2d Cir.1986), writ denied.
Death óf the victim in such circumstances is not an aggravating circumstance for upward departure from the guidelines because death is an element of negligent homicide. FSG § 209B; State v. Norrell, 614 So.2d 755 (La.App.2d Cir.1993). See also State v. Williams, 454 So.2d 1287 (La.App.2d Cir.1984).
Even with two misdemeanor convictions, this defendant, a first felony offender, has a criminal history index under the guidelines of only Class F or .5 points. FSG § 205.
The sentencing ranges in the guidelines grid are intended to be appropriate for the typical case in which aggravating or mitigating circumstances are not present. FSG §§ 103D, 209. Where either or both the conduct and circumstances of a particular defendant are found distinctly different from the typical conduct that constitutes a defined crime, the guidelines suggest that the court exercise its reasoned discretion to determine the appropriate sentence within the statutory parameters. State v. Strother, 606 So.2d 891 (La.App.2d Cir.1992), writ denied.
DECREE
We vacate the sentence imposed and remand to the trial court for resentencing. The trial court should inform the defendant upon resentencing of the prescriptive period for post-conviction relief as required by CCrP Art. 930.8.
VACATED; REMANDED.