| t LOVE, Judge.
STATEMENT OF FACTS
Calvin R. Barrois, Jr., was charged by bill of indictment with second degree murder, a violation of La. R.S. 14:30.1. At his arraignment on February 3, 1999, he pleaded not guilty. However, on January 19, 2000, the day set for trial, he withdrew his earlier plea and entered a plea of guilty to the reduced charge of manslaughter. Barrois was sentenced to twenty-five years at hard labor after a hearing on March 29, 2000. He filed a motion to reconsider the sentence, and after a hearing on June 7, 2000, the motion was denied.
*1275 Because there was no trial, the facts of this case are taken from the police report. On November 7, 1998, about 12:55 a.m., the police received a call from Calvin Bar-rois who said he had just killed his girlfriend, Monica Zimmerman. Barrois was cooperative when the police arrived at his house at 13243 Highway 23, Jesuit Bend. In the dining room and hallway of the home, the officers found a small woman in a pool of blood; she had bruises on her head and face, and a mark on her neck suggested she had been strangled. The room showed signs of a struggle: a picture knocked off the wall was near the body; the victim’s glasses, cigarettes, and purse were on the floor next to her; and, an empty beer bottle and a straight edge knife were nearby on the floor in the hall. Barrois was given his | ^Miranda rights prior to his interview at the Belle Chase lock-up. Barrois told the officer that he killed Monica Zimmerman, who lived with him. On the night of the offense, Barrois told her to leave his home because she had been stealing his money, and when she did not comply quickly, he began to strike her with his hands. She fell, and he pounded her head on the concrete floor until she quit resisting.
ASSIGNMENT OF ERROR
In a single assignment of error, the defendant argues that his twenty-five year sentence is excessive. The maximum sentence under La. R.S. 14:31 is forty years at hard labor.
Article I, Section 20 of the Louisiana Constitution of 1974 provides that “No law shall subject any person ... to cruel, excessive or unusual punishment.” A sentence, although within the statutory limits, is constitutionally excessive if it is “grossly out of proportion to the severity of the crime” or is “nothing more than the purposeless and needless imposition of pain and suffering.” State v. Caston, 477 So.2d 868, 871 (La.App. 4th Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La. C. Cr. P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Quebedeaux, 424 So.2d 1009 (La.1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case. State v. Caston, supra. The reviewing court must also keep in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. \ ^Quebedeaux, supra.
The waiver of constitutional rights and guilty plea form the defendant signed contains a line beginning “I understand that if the Court accepts my plea of guilty, the sentence in this case will be”; the defendant had filled in and initialed the following:
“Sentence hearing and Court to determine sentence. [Defendant] to transfer all immovable property in Plaquemine Parish to family of Monica Zimmerman, and [defendant’s] interest in lawsuit pending against Bail Bone Inc.”
At the sentencing hearing on March 29, 2000, the trial court first considered two affidavits from four of Monica Zimmerman’s five children; one, confirming that they had received property worth $200,000 in restitution from Barrois as part of a civil suit, and another, expressing no objection to Barrois being sentenced to a term of ten to twelve years. (Four of the children were adults at the time of trial). The State then called several witnesses. Kristin Schultz, the victim’s oldest daughter who did not sign the affidavits, stated that she objected to Barrois receiving a short sentence. She said she suspected that her siblings did not understand the affidavits they signed. JoAnn Holmes, another daughter of the victim, testified that she had not realized what the sentencing provision meant in the affidavit she signed.
*1276 Next the defense called the defendant’s friends and family who attested to his nonviolent nature and many good traits. When asked if he wished to say anything, Barrois stated that he and the victim had been living together for a long time, and he was “awfully sorry” for the pain and suffering he had caused.
[4The trial court then stated that the aggravating and mitigating circumstances of the offense according to La. C.Cr.P. art. 894.1 had been considered as well as the defendant’s record of misdemeanors. The court could not conclude that he would not commit another crime if given a suspended sentence. The court considered the autopsy report, and the fact that a knife was found near the victim, and stated that the crime was “particularly brutal.” As to mitigating factors, the court recognized that the defendant had turned himself in to the police and had compensated the victim’s family. However, the court noted that Barrois had already benefited from having his charged reduced from second degree murder to manslaughter. Monica Zimmerman’s shortcomings and failures were well known, the court noted, and she needed someone to speak for her more than most victims would. She received a brutal beating as a result of an “indescribable rage.” Furthermore, Barrois’ history of arrests for petty offenses appeared to the court to be a result of alcohol and drug abuse. The sentence of twenty-five years was imposed on the defendant.
On June 7, 2000, a hearing on the motion to reconsider the sentence was held. At that hearing, the defense argued that the victim’s children had little contact with the victim before her death and had received a windfall at her death because of the property given in restitution by the defendant. The defense admitted that at the plea bargain the defendant was advised that the sentence would be in the court’s hands; however, the twenty-five year sentence imposed amounted to a life term for this fifty-year-old defendant. After hearing the arguments, the trial court denied the motion to reconsider the sentence.
The defendant now argues that the reasons given by the court for the sentence are improper.
| sHe first objects to the court’s statement that Barrois benefited from having his charge reduced to manslaughter in a situation where there is no evidence he was guilty of second degree murder. The defendant cites State v. Mattheivs, 532 So.2d 270, 271-272 (La.App. 3rd Cir.1988), as authority for that proposition; however, in Matthews the Third Circuit found that the crime was a “true manslaughter” in that only one knife wound was inflicted in the heat of passion, and the judge commented that a second degree murder charge was an “overbill” and unfounded. Furthermore, the court in Matthews stated that ordinarily a court may consider a plea as a benefit.
The defendant next argues that his offense was true manslaughter, occurring during an altercation in which Barrois asked Monica Zimmerman to leave his house. When she did not leave, he tried to force her out and killed her. In contrast to the fight between two male co-workers in Matthews, in this case Barrois fought with a very small woman and slammed her head into a concrete floor over and over until she died. The defendant’s anger was provoked when Zimmerman took some of his money. This provocation is not sufficient to deprive an average person of his self-control, as the definition of manslaughter requires; rather, the defendant’s action indicated an intent to cause death or great bodily harm and thus met the definition of second-degree murder.
The defendant next argues the trial court improperly referred to the presence of a knife at the crime scene as an aggravating factor because the autopsy did not show that Zimmerman was stabbed. In his statement to the police, Barrois stated that he kept a gun and home-made knives at his house, and he admitted that he put *1277 the knife on the floor near Zimmerman’s body although he said he did not use it in killing her. At the sentencing hearing, the trial court merely said that the presence |fiof the knife at the murder scene suggests the use of a dangerous weapon, and here the weapon was used at least to intimidate the victim.
The defendant next complains that the court erred in referring to the lengthy beating the victim received and labeling it as deliberate cruelty. The victim died from a skull fracture and manual strangulation, neither of which took an extended period of time the defendant maintains. However, when the defendant gave a statement, he described hitting Zimmerman, a^xd the officer asked, “you said it was a pretty long struggle?” The defendant admitted, “It was awhile.” Furthermore, the autopsy report indicates that Zimmerman suffered: bruising of the right side of the face between the eye and ear, on the right side of the neck, and on the left chin/left upper neck; a one and one-half inch laceration of the left eyebrow and a similar laceration of the posterior left scalp; bruises of the left shin, an abrasion on the left leg near the knee and another on the right knee; and bilateral scleral hemorrhages. Certainly the trial court did not err in finding that her injuries indicated deliberate cruelty.
The defendant next argues that the trial court’s familiarity with the victim adversely influenced the sentence. At the hearing, the court admitted to having removed the victim’s children from her custody, and the court stated that the victim’s family was aware that “I did not like Monica Zimmerman.” Here the judge, recognizing that his earlier decisions concerning the victim were known to those involved in this case, acknowledged the past and stated that at this point she would be give “equal dignity as a person” as anyone else. These statements by the court, indicating a determination to treat her death as a serious loss, do not amount to the court’s imposing the victim’s revenge on Barrois. The comments are unusual; however, given the harsh circumstances of this case, the court’s attempt to 17emphasize that this particularly unfortunate victim has a right to the full protection of the law does not amount to overzealousness and sentencing error.
Finally, the defendant cites cases in which the sentences imposed for manslaughter are significantly less than the sentence imposed in this case. However, in all those cases the offenses occurred prior to the 1994 change in La. R.S. 14:31 which increased the maximum sentence, from twenty-one years to forty years.
Barrois’ twenty-five year sentence is not excessive in light of recent sentences imposed by other courts in similar circumstances. For instance, in State v. Bowman, 95-0667 (La.App. 4 Cir. 7/10/96), 677 So.2d 1094, this Court affirmed a thirty-three year manslaughter sentence for a first offender who drove the car but did not pull the trigger in a drive-by shooting. In State v. Black, 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667, the Second Circuit affirmed a forty year sentence for a twenty year old defendant who pleaded guilty to a reduced charge of manslaughter; the defendant kidnapped the victim and killed him in a robbery attempt.
The trial court has great discretion in sentencing within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1988). A sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Washington, 414 So.2d 313 (La.1982). In State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608 (La.1997), the Louisiana Supreme Court stated:
On appellate review of sentence, the only relevant question is “ ‘whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.’” [Cites omitted]. For legal sentences imposed within the range provided by the legislature, a trial court abuses its dis- *1278 eretion only when it contravenes the prohibition of excessive |spunishment in La. Const. Art. I, § 20, i.e., when it imposes “punishment disproportionate to the offense.” [Cite omitted]. In cases in which the trial court has left a less than fully articulated record indicating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, [cite omitted], a remand for resentenc-ing is appropriate only when “there appear[s] to be a substantial possibility that the defendant’s complaints of an excessive sentence ha[ve] merit.” [Cite omitted]. (Id.).
In the case at bar, we find that the trial court adequately considered the circumstances according to La.C.Cr.P. art. 894.1 before imposing the sentence. We further find that the defendant’s sentence of twenty-five years at hard labor is not excessive in light of the circumstances of this case.
CONCLUSION
Accordingly, for reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.