852 So.2d 1234 (2003)
STATE of Louisiana, Appellee,
v.
Donald BROWN, Appellant.
No. 35,641-KA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 2003.
*1235 Peggy Sullivan, Monroe, Steven R. Thomas, Mansfield, Louisiana Appellate Project, for Appellant.
Don M. Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
GASKINS, J.
The defendant, Donald Brown, was sentenced to serve 20 years at hard labor following his conviction for manslaughter. After remand from the Louisiana Supreme Court, this matter is before us for consideration of whether the sentence is excessive. We affirm the sentence.

FACTS
The defendant was originally charged with the first degree murder of Katherine Rankin. On the evening the victim was last seen, witnesses saw the defendant forcibly detain the obviously upset victim in an area close to the muddy trail where her body was later found. The defendant admitted smoking cocaine on the trail with the victim that night, having a dispute, and slapping her. Two days later, when the trail dried out enough after a rain to be passable, the victim's body was found. She had been beaten, strangled, and drowned. The defendant was convicted of manslaughter and sentenced to serve 20 years at hard labor, with credit for time served.
The defendant appealed his conviction and sentence. This court reversed, finding insufficient evidence to support the conviction. State v. Brown, XXXX-XXXXX (La. App.2d Cir.6/12/02), 825 So.2d 596. Due to the reversal of the conviction, the sentence was vacated and the defendant's claim of excessiveness was not considered.
Upon the state's application, the Louisiana Supreme Court granted certiorari, reversed this court, and reinstituted the defendant's conviction, finding that evidence adduced at trial was, in fact, sufficient to support the conviction of manslaughter. The matter was remanded for consideration of the defendant's remaining assignment of error. State v. Brown, XXXX-XXXX (La.5/20/03), 846 So.2d 715.

EXCESSIVE SENTENCE
The defendant argues that the trial court failed to adequately articulate the reasons for sentence and that the sentence imposed is excessive. These arguments are without merit.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. *1236 P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La. App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979.
The record indicates the trial court adequately complied with La. C. Cr. P. art. 894.1 prior to sentencing the defendant. The court noted that the victim died of drowning and blunt force injuries. The defendant's prior criminal history was considered; it included convictions for forgery, carnal knowledge of a juvenile, simple battery, and conspiracy to distribute cocaine and marijuana. The present offense resulted in the defendant's third felony conviction. The court considered the defendant's deliberate cruelty to the victim and the use of violence in the commission of the offense.
The court noted that the 32-year-old defendant had a sporadic work history. Defense counsel argued in mitigation that the defendant lacked the intent to kill the victim and he gave information in another murder investigation. The court noted that the defendant was found guilty of manslaughter due to the failure to show a specific intent to kill. The defendant's assignment of error that the trial court failed to articulate for the record a sufficient basis for his sentence is without merit.
The second prong of the test of whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1 § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bradford, supra.
Absent a showing of manifest abuse of discretion by the trial court, a reviewing court may not set aside a sentence. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. In the present case, the trial court determined that the victim had been beaten to the point of breaking her jaw, dragged across the ground, and strangled, all prior to drowning. The sentence of 20 years at hard labor is one-half of the maximum sentence allowed. The sentence is tailored to the offender and the offense. The sentence imposed is not excessive.

CONCLUSION
For the reasons stated above, we affirm the sentence of the defendant, Donald Brown, for manslaughter.
AFFIRMED.