859 So.2d 215 (2003)
STATE of Louisiana, Appellee,
v.
Edgar FULLER, Jr., Appellant.
No. 37,626-KA.
Court of Appeal of Louisiana, Second Circuit.
October 16, 2003.
Carey J. Ellis, III, Rayville, for Appellant, Louisiana Appellate Project.
Paul J. Carmouche, District Attorney, J. Thomas Butler, Donna F. Hall, Assistant District Attorneys, for Appellee.
Before BROWN, WILLIAMS, and TRAYLOR (pro tempore), JJ.
BROWN, C.J.
The state originally charged defendant, Edgar Fuller, Jr., with aggravated battery, then upgraded the charge to attempted second degree murder, then finally, on the day of trial, reduced the charge to aggravated second degree battery, a violation of La. R.S. 14:34.7 punishable by imprisonment for not less than ten nor more than 15 years, a fine of not more than $10,000 or both. Defendant pled guilty as charged and subsequently pled guilty to *216 being a second felony offender.[1] The court sentenced defendant to 20 years at hard labor without benefit of probation, parole or suspension of sentence and directed that the sentence be served consecutively with any other sentence defendant was required to serve.
On appeal, after the denial of his timely motion for reconsideration, defendant asserts that his sentence is excessive and that the court erred in ordering it to be served consecutively. For the reasons set forth below, we affirm defendant's conviction, correct the sentence by deleting the portion which provided that the sentence be served without benefit of parole and affirm the sentence as corrected.

Background Facts
The record shows that on November 23, 2000, defendant argued with his estranged wife in a bedroom at her Shreveport residence after she refused to have sex with him.[2] Defendant stabbed his wife in the face multiple times with a three-inch knife. He also stabbed the back of her head and neck and slashed both of her hands. Mrs. Fuller unlocked the door and tried to run, but defendant caught her, dragged her into the bathroom, threw her into the bathtub and turned on the water in what she perceived to be an attempt to drown her.
Defendant has not appealed his conviction, just his sentence.

Discussion
Whether the sentence imposed is excessive depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
Prior to imposing sentence, the trial court allowed defendant to make personal remarks and expressions of remorse for his actions on the record. Defendant then, through counsel, and in person, informed the judge that he did not want to have a formal sentencing hearing. The court considered a letter from the victim, Mrs. Fuller. The court was also aware of defendant's criminal history, his age (47), and that he had attended college for several years. The court noted that this was a serious offense which involved "heinous circumstances and brutal cutting and stabbing" which caused permanent scarring and emotional damage to the victim.
On this record, we do not find constitutional error. Defendant received leniency from the state through its agreement to reduce the charge to aggravated second degree battery. The facts of this case would have supported a conviction of attempted second degree murder.
Nor do we find error in the court's order that this sentence be served consecutively *217 with the balance of defendant's federal sentence.
It is within the trial court's discretion to order sentences to run consecutively rather than concurrently. State v. Robinson, 33,921 (La.App.2d Cir.11/01/00), 770 So.2d 868; State v. Coleman, 32,906 (La. App.2d Cir.04/05/00), 756 So.2d 1218, writ denied, 00-1572 (La.03/23/01), 787 So.2d 1010; State v. Derry, 516 So.2d 1284 (La. App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La.1988).
Defendant's argument relies on State v. Griffin, 525 So.2d 705 (La.App. 1st Cir. 1988), in which the court held that the penalty provision for possession of a firearm by a convicted felon is not subject to enhancement as generally provided for under La. R.S. 15:529.1 because the possession statute itself takes into account the facts of defendant's previous felony conviction. This is not the situation presented in the case sub judice. The offense of conviction, aggravated second degree battery, does not have a prior conviction as an element and is thus easily distinguishable. The circumstances of this case clearly support the order that the sentences be served consecutively. Defendant committed this crime after being released by the federal authorities.
On error patent review we note that sentences imposed under La. R.S. 15:529.1 "shall be served without benefit of probation or suspension of sentence." This does not preclude benefit of parole consideration, nor does the statute of conviction contain such a prohibition. Thus, that portion of the sentence providing that it shall be served without benefit of parole is not legally correct and must be set aside. La.C.Cr.P. art. 882.
Defendant's sentence, as amended, is lawful. Considering defendant's record and the totality of facts and circumstances of this case, including that the argument began when the victim refused defendant's demand for sex, the sentence imposed is neither grossly disproportionate to the severity of the offense of conviction, nor is it shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence.

Conclusion
For the reasons set forth above, defendant's conviction is affirmed. That portion of the sentence providing that it is to be served without benefit of parole is vacated. Defendant's sentence as amended is affirmed.
NOTES
[1] Defendant had a federal conviction for distribution of narcotics in October 1990 and had been sentenced to a term of 12 years and 7 months, to be followed by five years of supervised release. He was still under federal supervision when the instant offense was committed.
[2] Defendant and the victim had not lived together for more than 12 years when the instant attack occurred, defendant having been in federal prison on a distribution of cocaine conviction.