WALTER J. ROTHSCHILD, Judge.
| ^Defendant, Lloyd Addison, was charged with attempted second degree murder in violation of LSA-R.S. 14:30.1 and 14:27 and was found guilty by a jury of the responsive verdict of attempted manslaughter. He was sentenced to imprisonment at hard labor for 20 years, and he appealed from this conviction on the basis of several assignments of error. That appeal is a companion case on this Court’s docket and bears number 08-KA-461, 8 So.3d 707.
On the same date that defendant was sentenced on this original conviction, the State filed a multiple bill alleging defendant to be a second felony offender, and defendant denied those allegations. Following a hearing, defendant was found to be a second felony offender. The trial court then vacated the original sentence and resentenced defendant to imprisonment at hard labor for 40 years without benefit 13of probation or suspension of sentence. Defendant now appeals from the multiple bill conviction and sentence.
The facts of this case are stated in detail in the companion case, 08-KA-461, and will not be repeated herein. However, the evidence at trial indicates that defendant brutally beat and repeatedly stabbed the victim, his then girlfriend, in the head, face, neck and hand causing her significant injury.
By this appeal, defendant argues that his 40-year enhanced maximum sentence is constitutionally excessive because it is, in effect, a life sentence. He notes that his previous conviction for possession of cocaine occurred nine years earlier in 1999. He also argues that the trial court *238 failed to articulate reasons for the sentence pursuant to LSA-C.Cr.P. art. 894.1. He contends that the jurisprudence supports a lower sentence, and that a 10 year sentence would have been appropriate considering the facts of this case. The State responds that the record supports the sentence imposed and, therefore, the sentence should not be disturbed on appeal.
On June 27, 2008, a multiple bill hearing was held, after which the trial judge found defendant to be a second felony offender. She vacated the original sentence and re-sentenced defendant to imprisonment at hard labor for 40 years. Defendant orally noted his objection. The trial judge did not provide reasons for the sentence imposed.
Defendant did not make or file a motion to reconsider sentence as required by LSA-C.Cr.P. art. 881.1. The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a review of his sentence for constitutional ex-cessiveness only. State v. Stevenson, 05-52, p. 11 (La.App. 5 Cir. 6/28/05), 908 So.2d 48, 55, writ denied, 05-2592 (La.6/2/06), 929 So.2d 1247. Additionally, because defendant did not file a motion to |4reconsider sentence, he has lost his right to a review of his argument concerning the trial court’s non-compliance with Article 894.1, which falls under the category of statutory excessiveness. State v. Fairley, 02-168, p. 8 (La.App. 5 Cir. 6/26/02), 822 So.2d 812, 816.
Defendant was found to be a second felony offender and faced a sentencing range of 10 to 40 years at hard labor without the benefit of probation or suspension of sentence. LSA-R.S. 14:27; 14:31; 15:529.1A(l)(a). Defendant received the maximum 40-year prison term.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson, 04-334, p. 6 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Dorsey, 07-67, p. 5 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pearson, 07-332, p. 15 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656. In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar |scrimes by the same court and other courts. State v. Pearson, 07-332 at 15-16, 975 So.2d at 656.
Defendant cites two cases in support of his contention that the sentence was excessive: State v. Brown, 35,641 (La.App. 2 Cir. 8/20/03), 852 So.2d 1234 and State v. Matthews, 532 So.2d 270 (La.App. 3 Cir. 1988). In Brown, the defendant was charged with first degree murder, but con *239 victed of manslaughter, and sentenced to serve 20 years at hard labor. The appellate court found that the sentence was not excessive, noting that the defendant had beaten the victim, broken her jaw, dragged her across the ground, and strangled her, all prior to drowning her. The appellate court also noted that the sentence was one-half of the maximum sentence allowed. Id, 35,641 at 4, 852 So.2d at 1236.
In Matthews, the defendant pled guilty to manslaughter after the charge was reduced from second degree murder, and the trial court sentenced him to the maximum sentence at that time, 21 years at hard labor. State v. Matthews, 532 So.2d at 270. In that case, the defendant and his male co-worker had a dispute about pay. The co-worker stepped out of his vehicle, and the defendant stabbed him once between the ribs. The defendant admitted stabbing his co-worker, but claimed that the co-worker struck him first from behind. Id. The appellate court found that the record did not support the maximum sentence, noting that the defendant was a first felony offender, 48 years old, with two children and a steady employment history. Id. at 272. The appellate court also commented that the crime was a true manslaughter in that the defendant only inflicted one wound in the heat of passion while drinking. Id. at 271.
Brown and Matthews are distinguishable from the instant case and, therefore, inapplicable. The instant case involved a defendant who was convicted of attempted manslaughter and subsequently found to be a second felony offender, | fiwhereas the defendants in Brown and Matthews were convicted of manslaughter and not multiple billed. Additionally, the defendant in Matthews was a first felony offender, whereas the defendant in the instant case was a second felony offender.
No published Louisiana appellate court cases regarding excessive sentence claims could be located involving defendants who were convicted of attempted manslaughter and subsequently found to be second felony offenders. However, the following case, which is somewhat similar to the instant one, is instructive:
In State v. Fuller, 37,626, p. 1 (La.App. 2 Cir. 10/16/03), 859 So.2d 215, writ denied, 03-3151 (La.4/23/04), 870 So.2d 296, the defendant was charged with attempted second degree murder, which was subsequently reduced to aggravated second degree battery. The defendant pled guilty as charged and subsequently pled guilty to being a second felony offender, and the trial court sentenced him to 20 years at hard labor. Id., 37,626 at 1, 859 So.2d at 215-16. In that case, the defendant stabbed his wife in the face multiple times with a three-inch knife. Id., 37,626 at 1-2, 859 So.2d at 216. He also stabbed the back of her head and neck and slashed both of her hands. Id., 37,626 at 2, 859 So.2d at 216. The defendant’s wife unlocked the door and tried to run, but the defendant caught her, dragged her into the bathroom, threw her into the bathtub, and turned on the water. Id. The defendant was 47 years old with a prior conviction in 1990 (10 years prior to the offense) for distribution of cocaine. Id., 37,626 at 1-2, 859 So.2d at 216. The trial court noted that this was a serious offense which involved heinous circumstances and brutal cutting and stabbing which caused permanent scarring and emotional damage to the victim. Id., 37,626 at 2-3, 859 So.2d at 216. The appellate court found no constitutional error, noting that the defendant received leniency from the State through its agreement to reduce the charge to aggravated second degree [ 7battery, and that the facts of this case would have supported a conviction of attempted second degree murder. Id., 37,626 at 3, 859 So.2d at 216.
*240 We find many similarities between the instant case and Fuller. Both the defendant in the instant case and the defendant in Fuller brutally attacked them victims by cutting and stabbing them with a knife in the head, neck, and hands. The factual situations in both cases involved domestic-type disputes, as the defendant in the instant case stabbed his girlfriend, whereas the defendant in Fuller stabbed his wife. The defendant in the instant case is 47 years old, the same age as the defendant in Fuller. The defendant in the instant case had a drug conviction seven years prior to the underlying offense, and the defendant in Fuller had a drug conviction 10 years prior to the offense. The defendant in the instant case was charged with attempted second degree murder, but was convicted of attempted manslaughter, punishable by imprisonment for not more than 20 years (LSA-R.S. 14:27; 14:31), similar to the defendant in Fuller who was charged with attempted second degree murder, but pled guilty to aggravated second degree battery, an offense punishable by imprisonment for not more than 15 years (LSA-R.S.14:34.7). The defendant in the instant case received the maximum sentence as a second felony offender, 40 years, whereas the defendant in Fuller received two-thirds of the maximum sentence as a second felony offender, 20 years.
Therefore, considering the totality of the circumstances and the jurisprudence, we find that defendant’s 40 year maximum sentence as a second felony offender is not constitutionally excessive. Defendant has a prior conviction for possession of cocaine and, therefore, it appears that his criminal behavior has escalated. He beat the victim and brutally cut and stabbed her numerous times in the head, neck, chest, leg, and hands with a large hunting knife, which caused permanent scarring. The doctor asserted that the wounds to her neck and chest had |sa high risk of striking life-altering organs and were potentially lethal. Additionally, the evidence presented arguably supported a finding of attempted second degree murder. Fuller, supra. Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. State v. Pearson, 07-332 at 16, 975 So.2d at 656. For the reasons stated above, we find that this is such a case. We also find that the 40-year maximum sentence is neither grossly disproportionate to the severity of the offense nor shocking to the court’s sense of justice.
In light of the foregoing, we find that the trial court did not abuse its discretion by imposing the 40-year maximum sentence.
As in the companion case, the record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We have discovered no error which require corrective action. Accordingly, for the reasons stated herein, defendant’s multiple bill conviction and sentence are hereby affirmed.

AFFIRMED.

JASMINE, J., dissents.