JACHARLES R. JONES, Judge.
This appeal concerns a resentencing only.
Louis Williams was convicted of violating La. R.S. 14:67(A), theft of merchandise valued over five hundred dollars.[1] *430 Williams was found to be a fourth felony-offender and sentenced under La. R.S. 15:529.1 to serve twenty years at hard labor, without the benefit of probation or suspension of sentence. He appealed, and in an unpublished opinion, this Court affirmed his conviction and vacated his adjudication as a multiple offender and his sentence. The case was remanded to the district court for resentencing. State v. Williams, 98-2144 (La.App. 4 Cir. 5/24/00, 761 So.2d 830).
On September 14, 2001, another multiple bill hearing was held, and Williams was found to be a second felony offender. He was sentenced on April 23, 2002 to serve twenty years at hard labor. His Motion for Reconsideration of Sentence was denied, and his Motion for an Appeal was granted.
The facts of the case were presented in the earlier appeal. (See Williams, supra.)
| ¡/Williams presents two assignments of error in this appeal, first arguing that the district court erred in sentencing him as a second felony offender, and second that his sentence is excessive.
Williams contends that the district court erred in finding him to be a second felony offender because the State failed to introduce sufficient evidence to prove his prior conviction, and also because the State did not prove that ten years had not elapsed between his last two convictions. He first maintains that the conviction on which he was billed as a multiple offender was never clearly specified. However, the State filed a multiple bill on August 28, 2001, charging Williams with three convictions: (1) case number 277-222 “E,” a violation of La. R.S. 14:67, in which he pleaded guilty on July 2, 1980; (2) case number 317-891 “L,” a violation of La. R.S. 40:967, in which he pleaded guilty on March 19, 1987; and (3) case number 365-614 “G,” a violation of La. R.S.40:966, in which he pleaded guilty on November 12, 1993.[2] At the hearing on September 14, 2001, the defense attorney objected, arguing that the record in the 1993 case (365-614 “G”) did not indicate a proper waiver of rights by Williams, and the record on the 1980 case (277-222 “E”) did not contain a minute entry indicating that the district court interrogated Williams as to his constitutional rights. The district court then asked the defense attorney if he questioned the remaining conviction, and the attorney answered that he had “no specific objection.”[3] The court then stated that Williams would be sentenced as a second offender on the remaining conviction, i.e., in case 317-891 “L”.
Our review of the record indicates that the State offered the following documentation in case number 317-891 “L”: a bill of information charging | ¡¡Williams with possession of cocaine, a waiver of constitutional rights/plea of guilty form, a docket master, a minute entry listing constitutional rights, and an arrest register. Because the district court stated that insufficient evidence was offered on two of the cases listed on the multiple bill of information, and referred to sentencing Williams as a second felony offender on the completely documented third case, we find no ambiguity as to which case served as the prior offense in the multiple bill adjudication.
Williams also challenges the sufficiency of the State’s documentation of the prior offense. In State v. Alexander, 98- *431 1377 (La.App. 4 Cir. 2/16/00), 753 So.2d 933, this court stated:
LSA-R.S. 15:529.1 D(l)(b) states that the district attorney has the burden of proving beyond a reasonable doubt any issue of fact and that the presumption of regularity of judgment shall be sufficient to meet the original burden of proof. In State v. Shelton, 621 So.2d 769, 779-780 (La.1993), the Supreme Court stated:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than the “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that the defendant’s prior guilty plea was informed and voluntary, and made with an articulated Lwaiver of the three Boykin rights, (footnotes omitted).
98-1377 at pp. 5-6, 753 So.2d at 937.
In the matter sub judice, the State introduced a waiver of rights form listing all three Boykin rights. The form is dated and signed twice by Williams, his counsel and the district judge.[4] The form also states that “[t]he judge has addressed me personally as to all of these matters and he has given me the opportunity to make any statement I desire.” The docket master indicates that Williams was represented by counsel. The minute entry states:
The Defendant appeared before the bar of the Court attended by counsel, CAROL SKARPETOWSKI and through counsel withdrew the former plea of not guilty and entered a plea of guilty as charged. The Court interrogated the defendant as to the right to have a trial by jury, the right to face his accusers, the right against self-incrimination and the right to an appeal and the defendant answered in the affirmative and announced to the Court he understood the rights set before him.
We find that the State offered sufficient proof that Williams made a voluntary plea to the predicate offense.
Additionally, Williams maintains that the State did not prove that ten years had not elapsed between his prior and current offenses. La. R.S. 15:529.1(C), the Habitual Offender Law, provides that the statute does not apply when more than ten years have elapsed since the expiration of the maximum sentence or sentences of the *432 previous conviction or convictions, and the time of the commission of the last felony for which he has been convicted. The State has the burden of proving that ten years has not elapsed between the defendant’s release from custody on the prior offense and the new offense. State v. Lorio, 94-2591 (La.App. 4 Cir. 9/28/95), 662 So.2d 128; State v. Brown, 598 So.2d 565 (La.App. 4 Cir.1992) writ denied, 605 So.2d 1092 (La.1992). However, in the present case, Williams’ failure to object contemporaneously or file a Motion for Reconsideration of Sentence concerning the ten-year period between prior offenses used to enhance the multiple offender sentence precludes review of his claim on appeal. La. C.Cr.P. art. 841; State v. Carter, 589 So.2d 1212, 1214 (La.App. 4 Cir.1991); La. C.Cr.P. art. 881.1; State v. Alford, 99-0299, p. 11 (La.App. 4 Cir. 6/14/00), 765 So.2d 1120, 1127; State v. Washington, 98-0583, pp. 16-17 (La.App. 4 Cir. 11/17/99), 747 So.2d 1191, 1200.
There is no merit in this assignment.
Williams argues in his second assignment of error that his sentence is excessive and violates his right to due process. He received a sentence of twenty years as a second felony offender, the same sentence imposed after he had been adjudicated a fourth felony offender.
Article I, Section 20 of the Louisiana Constitution of 1974 provides that “No law shall subject any person ... to cruel, excessive or unusual punishment.” A sentence within the statutory limit is constitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering.” State v. Caston, 477 So.2d 868, 871 (La.App. 4 Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
|fiIf adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Guajardo, 428 So.2d 468 (La.1983).
At the resentencing hearing, the district court, noting that Williams’ many offenses involved theft, battery, and drugs, stated:
I truly believe that you have exhibited a total commitment to violation of the law, and, ... it’s my belief that you’ll continue to jeopardize the operation of commercial establishments where the rest of us stand in line to pay our bill. You jeopardize others as you run from these stores with merchandize that doesn’t belong to you. You haven’t paid for it.
[[Image here]]
The court has noted the reasons it feels that the sentence is appropriate based on the record of the gentleman, the seriousness of the most recent event, including the high-speed chase, the hit-and-run incidents, the endangerment to police and others during the course of this attempted escape, the fleeing of these gentlemen from the car, the co-defendant, as well, causing the police to engage in a foot chase, as well.
For a second offender convicted under La. R.S. 15:529.1, the sentencing range for theft of goods worth more than $500 is five to twenty years. The defendant received *433 the maximum term. The district court ordered a presentencing investigatory report which indicated that Williams had been arrested fifty times as an adult and convicted of nineteen offenses in the past twenty-four years. Considering the facts of the case, Williams’ criminal history, and the absence of mitigating factors, the record supports the sentence, and the district court did not abuse its sentencing discretion in imposing the twenty-year sentence in this case.
Williams cites State v. Neville, 96-0137(La. App. 4 Cir. 5/21/97), 695 So.2d 534, where this Court vacated a twenty-year sentence imposed on a fourth felony offender convicted of shoplifting and other non-violent offenses. This Court noted that the defendant had one additional felony and two arrests for which charges were refused, and the district court had given no reasons for imposing the sentencing; thus, the sentence appeared excessive. Williams contends that he too is not a violent offender and certainly not the worst of offenders. However, State v. Neville may be distinguished from the case at bar because the district court did articulate reasons for this sentence, and because Williams’ record is more extensive.
Williams also argues that it is unfair that his co-defendant, who was also sentenced as a second offender, received the minimum five-year term. However, the district court had the advantage of a pre-sentencing investigatory report as to Williams, and that report provided a basis for the sentence. Moreover, the multiple bill filed against co-defendant Bell lists only one prior conviction, and Bell pleaded guilty to the multiple bill. Under any circumstances, Williams’ extensive criminal history supports the maximum sentence.
Williams’ final argument is that his twenty-year sentence violates due process of law in that it imposes a more severe sentence than that originally imposed. He cites State v. Franks, 391 So.2d 1133, 1137 (La.1980), and State v. Soco, 508 So.2d 915 (La.App. 4 Cir.1987), for authority; however, in those eases the defendants’ sentences were initially illegally lenient because parole eligibility had not been denied. When the defendants were resentenced with parole eligibility prohibited, the sentences as “corrected” were more severe than they were originally. In the case at bar, Williams received the same sentence on the basis of his criminal history. Under [sthe sentencing guidelines, La.C.Cr.P. art. 894.1, the district court may consider an offender’s criminal history that is not part of the multiple offender bill.
There is no merit to this assignment.
DECREE
Accordingly, for the reasons stated herein, the sentence of Louis Williams is affirmed.

AFFIRMED.

. The defendant was charged and convicted with Ronald Bell, who pleaded guilty to the multiple bill and was sentenced as a second offender to serve five years in DOC.

. When Williams was originally charged as a multiple offender the State relied upon cases 277-222, 317-891, and 85-596 from Jefferson Parish.

. The defense attorney made a general objection to the documentation in case 317-891, thereby preserving the issue for appeal.

. The waiver of rights/plea of guilty form does not have a space next to each right for the defendant's initials; however, such a form in combination with a minute entry indicating a proper voluntary plea by the defendant has been held to be sufficient. State v. Robair, 93-0835 (La.App. 4 Cir. 7/27/93), 622 So.2d 829.