JACHARLES R. JONES, Judge.
This appeal concerns a resentencing only. For the following reasons, we affirm.
FACTS'
On March 21, 2001, Tomika Johnson, and her boyfriend, the defendant, Nolan J. Bajoie, Jr., returned to her home after an outing. As they entered Ms. Johnson’s apartment, the telephone began to ring. Ms. Johnson answered the phone and conversed with her insurance salesman. Ms. Johnson testified at trial that Bajoie did not believe that she was speaking to her insurance salesman and took the telephone from her. After speaking to the insurance salesman, Bajoie hung up the telephone and a verbal argument ensued. Following this brief verbal argument, Bajoie left the residence.
Ms. Johnson further testified that Bajoie returned to the residence several hours later, at approximately 12:30 a.m. He knocked on the door and Ms. Johnson permitted him to enter the residence. The two sat on the sofa where Ms. Johnson’s youngest son was sleeping. She testified that soon thereafter Bajoie again accused her of having an affair with the insurance salesman. Ms. Johnson testified that she refused to argue with pBajoie, as her youngest son was asleep on the sofa, and her seven-year-old son was asleep in her bed. Ms. Johnson then laid down on the sofa with her four-year-old son.
*80 Ms. Johnson testified that Bajoie then got up and went into the kitchen. When he returned, he struck her in the side of the face one time with a sharp object believed to be a large kitchen knife. She testified that she did not see what Bajoie used to slash her face, but her mother later realized that an eighteen-inch knife was missing from the kitchen. Bajoie then fled the residence and Ms. Johnson called 911.
Paramedics arrived and transported Ms. Johnson to Charity Hospital where she underwent emergency surgery to close the wound. Approximately nine months later, Ms. Johnson underwent a second, reconstructive surgery; however, she is left with a large facial scar, and continues to experience numbness on the left side of her face and ear, and chronic headaches.
The parties stipulated that Dr. Jennifer Smullen was an expert in the treatment of facial trauma (otolaryngology), as well as in head and neck surgery. Dr. Smullen testified that she was the chief ear, nose, and throat resident at Charity Hospital when Ms. Johnson arrived at the emergency room on March 22, 2001. Ms. Johnson was stabilized and immediately taken to surgery because of the profuse bleeding caused by her injury. Dr. Smullen testified that Ms. Johnson had lost approximately half of her blood volume by the time she arrived at the hospital. She described Ms. Johnson’s injury as a large, deep laceration that began at the corner of her mouth, moved along her jaw and sliced into her jawbone, severed her ear in half, and continued along the base of her skull.
|3Pr. Smullen compared Ms. Johnson’s wound to one she had seen in the past that had been inflicted with a machete. She opined that the weapon used to injure Ms. Johnson was a long, sharp object, and she noted that the perpetrator would have needed to use a lot of force to penetrate the bone. Dr. Smullen estimated that if the injury had occurred a little bit higher on Ms. Johnson’s face, her brain would have been affected, while if it had occurred a little bit lower, her carotid artery and her jugular vein would have been severed. She further noted that even where the wound was positioned, Ms. Johnson could have died if her blood loss had not been quickly stopped due to prompt medical attention.
PROCEDURAL HISTORY
Bajoie was charged and convicted by a jury of aggravated second degree battery. Accordingly, the district court ordered a pre-sentence investigation. The State then filed a multiple bill, alleging Bajoie was a second felony offender. After hearing testimony from the victim and the defendant, and after reviewing a pre-sen-tence investigation report, the district court judge sentenced Bajoie to serve fifteen years at hard labor and suspended a $10,000 fine. Bajoie objected to the sentence and made an oral Motion to Reconsider the Sentence which was denied by the district court. He also made an oral Motion for Appeal.
Bajoie admitted to being a second offender; thus, the district court judge (sitting ad hoc) adjudicated him a second offender, vacated the original sentence, and again imposed a fifteen-year sentence at hard labor as a second offender. The previous sentence was vacated, but the identical sentence was imposed. Another oral Motion for Appeal was made, and the written Motion for Appeal was granted; however, Bajoie made no oral or written motion to reconsider the sentence when the court imposed the ^current second offender sentence. Although the State did object to the sentence and answers the defendant’s appeal, they do not brief any issues other than those raised Bajoie and *81 we therefore consider the State’s answer to this appeal abandoned.
DISCUSSION
By his sole assignment of error, Bajoie contends that the district court imposed an excessive sentence. The district court sentenced him to serve fifteen years at hard labor as a second offender for his aggravated second degree battery conviction, the same sentence imposed before he had been adjudicated a second felony offender.
We find that Bajoie did not preserve this error for review. Pursuant to article La. C.Cr.P. article 881.1, a defendant may make a motion to reconsider sentence orally or in writing within thirty days following the imposition of sentence. La.C.Cr.P. article 881.1 states in pertinent part:
A (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
[[Image here]]
D Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
This Court has held that a defendant must file a motion to reconsider sentence in connection with, or object to, a multiple bill sentence in order to | ^preserve a claim of excessive sentence, even if the defendant previously filed a motion to reconsider the original sentence. State v. Chisolm, 99-1055 (La.App. 4 Cir. 9/27/00), 771 So.2d 205; State v. Lewis, 98-2575 (La.App. 4 Cir. 3/1/00), 755 So.2d 1025.
Although Bajoie filed a Motion to Reconsider his original sentence, the record indicates that no oral or written motion to reconsider the sentence was filed, nor any objection made, when the court vacated that sentence and imposed the current second offender sentence. Indeed, at sentencing on the multiple bill, defense counsel stated that a fifteen-year sentence would be sufficient for Bajoie after the State requested that the court impose the maximum sentence of thirty years. While defense counsel noted that he would appeal “the underlying conviction,” the minute entry reflects that no oral objection was made to the sentence at the multiple bill hearing.
Accordingly, Bajoie has waived any right to review the sentence on appeal or post conviction. However, even if Bajoie had filed a new motion for reconsideration of the sentence after the district court re-sentenced him as a habitual offender, we find that the district court did not impose an excessive sentence.
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. La. Const. Art. I, § 20; State v. Landry, 2003-1671, pp. 7-8 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239-1240; State v. Williams, 2002-1815 (La.App. 4 Cir. 11/20/02), 833 So.2d 428, 432, writ denied, 855 So.2d 307 (La.10/3/03). A sentence may violate a defendant’s constitutional right against excessive punishment even if it is within the statutory limit. Id.; State v. Dorthey, 623 So.2d 1276, 1280 (La.1993); State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence within the statutory limit is constitutionally excessive if it is 1 (-“grossly out *82 of proportion to the severity of the crime” or is “nothing more than the purposeless imposition of pain and suffering.” State v. Landry, 871 So.2d at 1239-1240, citing State v. Johnson, 97-1906 pp. 6-7 (La.3/4/98), 709 So.2d 672, 676; State v. Melancon, 2001-1656 (La.App. 4 Cir. 8/21/02) 826 So.2d 633, writ denied, 2002-2407 (La.3/21/03), 840 So.2d 547, reconsideration denied, 2002-2407 (La.5/2/03), 842 So.2d 1090.
The Louisiana Supreme Court has stated that on appellate review of a sentence, the only relevant question is whether the trial court abused its broad discretion in sentencing, not whether another sentence might have been more appropriate. State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608; State v. Sweeney, 443 So.2d 522, 531 (La.1983); State v. Coleman, 544 So.2d 1302, 1304 (La.App. 4 Cir.1989). The standard for determining whether a trial judge has abused his discretion is whether the sentence imposed is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355, 358 (La.1980). To determine whether the penalty is grossly disproportionate to the crime, the appellate court must consider the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed that it shocks the court’s sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Beavers, 382 So.2d 943, 944 (La.1980); State v. Landry, 2003-1671, pp. 7-9 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239-1240.
 La.Code of Criminal Procedure article 894.1 requires that the trial judge state the considerations taken into account and the factual basis therefore in imposing sentence. State v. Mitchell, 466 So.2d 514, 519 (La.App. 3 Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in |7La.C.Cr.P. article 894.1, and whether the sentence is warranted in light of the particular circumstances of the case. State v. Landry, 871 So.2d at 1239-1240; State v. Williams, 2002-1815 (La.App. 4 Cir. 11/20/02), 833 So.2d 428; State v. Quebedeaux, 424 So.2d 1009 (La.1982).
However, the articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, 819. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Accordingly, the reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense charged. State v. Landry, 2003-1671, p. 8 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239; State v. Quebedeaux, 424 So.2d 1009 (La.1982).
In the case sub judice, we find that the record clearly demonstrates an adequate factual basis for the sentence imposed. Bajoie was convicted of aggravated second degree battery, which provides for a prison sentence of not more than fifteen years at hard labor. La. R.S. 14:34.7. Because he pled guilty to being a second offender, the maximum sentence the court could have *83 imposed was thirty years at hard labor. La. R.S. 15:529.1 A(l)(a). However, the district court sentenced Bajoie to serve fifteen years, exactly |shalf the maximum sentence. Before imposing the original sentence of fifteen years, the court allowed the victim to testify as to the impact her injuries had on her life. Bajoie then apologized to the victim, but he attempted to excuse his behavior by noting his jealousy and his intoxication on the night of the slashing.
The district court stated that it had considered the guidelines set forth in La. C.Cr.P. art. 894.1. The court then recounted the physician’s testimony at trial concerning the victim’s injuries, and stated that it had also considered the information contained in the pre-sentence investigation report which it had shared with the defense attorney.
The district court also noted Bajoie’s prior conviction for manslaughter, which had originally been a charge of second degree murder, in which he became enraged at the victim and twice ran over the victim with his automobile. The court observed: “And if there’s a parallel at all between that prior and this offense is [sic] that when you get mad, or when you lose your cool, terrible things happen to the person that’s involved in your life.” The district court then imposed a fifteen-year sentence.
Some months later, after Bajoie pled guilty to the multiple bill, a different judge (sitting ad hoc) vacated the original sentence and allowed the State and the defense attorney to recommend a sentence. The court noted that the victim impact statement had been considered. Moreover, he was familiar with Bajoie’s violent criminal history. Rejecting the State’s request to impose the maximum sentence, the district court (sitting ad hoc) also imposed the fifteen-year sentence. We find that the record before this Court adequately contains evidence to support the sentence.
Additionally, Bajoie’s sentence is not excessive when compared to other multiple offenders convicted of aggravated second degree battery. | ¡/This Court finds the cases cited by Bajoie to be distinguishable from this case because all involve convictions or guilty pleas to second degree battery, a lesser offense which provides for a maximum sentence of five years at hard labor. Instead, we find the following cases to be more similar to the case at bar.
In State v. Hampton, 38,017 (La.App. 2 Cir. 1/28/04), 865 So.2d 284, the defendants armed robbed a man as he got out of his car. One of the defendants hit the victim in the head several times during the robbery, inflicting a gash to the top of the victim’s head and his forehead. Both defendants had prior convictions for simple robbery and various other offenses. The district court imposed consecutive sentences of fifty years for their armed robbery convictions, thirty years at hard labor for their conspiracy to commit armed robbery convictions, and fifteen years at hard labor for their aggravated second degree battery convictions.
In State v. Fuller, 37,626 (La.App. 2 Cir. 10/16/03), 859 So.2d 215, writ denied, 2003-3151 (La.4/23/04), 870 So.2d 296, the defendant repeatedly stabbed his estranged wife when she refused to comply with his demands for sex, and then he tried to drown her. He had an unspecified federal prior conviction. The defendant was convicted of aggravated second degree battery, and the trial court imposed a twenty-year sentence as a second offender, noting the “heinous” nature of the attack and the scarring and emotional damage to the victim.
*84 Herein, although Bajoie inflicted only one wound, the wound was life-threatening and caused extensive injury and permanent scarring to the victim’s face and ear. The testimony at trial indicated that the injury was unprovoked, and caused by Ba-joie’s jealousy and intoxication. Moreover, Bajoie’s prior conviction for manslaughter, where he became enraged at the |invictim and ran over him twice with his automobile, shows his propensity for violence. Thus, considering the circumstances of this case and comparing it to the relevant cases cited hereinabove, we find that the district court did not err by imposing the fifteen-year sentence. Accordingly, we find that there is no merit to Bajoie’s excessive sentence claim. He received half the maximum sentence he could have received, and a review of the record reveals that the fifteen-year sentence was well justified.
DECREE
Accordingly, for the reasons stated herein, the sentence of Nolan J. Bajoie, Jr. is affirmed.
AFFIRMED.