DANIEL L. DYSART, Judge.
liThe defendant, Jeffrey Granier, was charged by bill of information on June 11, 2014, with one count of third offense operating a vehicle while intoxicated (DWI), a violation of La. R.S. 14:98(D). He pled not guilty, and subsequently filed a motion to quash, arguing that predicate offense No. 1 had been obtained in violation of his constitutional rights. Specifically, he argued that predicate offense No. 1, ⅜ conviction for DWI on September 13, 2006, in Orleans Palish [1] was invalid as 'he was not properly advised of his rights prior to pleading .guilty. The trial court agreed, quashing predicate offense No. 1, The State appeals., . ,
For the reasons that follow, we reverse the ruling of the trial court, and remand for further proceedings.
PROCEDURAL BACKGROUND:
The State argues on appeal that the trial court abused its discretion in granting Granier’s motion to quash predicate offense Ño. 1, as he did not sufficiently carry his burden of proving a significant procedural irregularity in the taking of his plea.
la At the trial court level, Granier alleged in his motion to quash that the two prior offenses were invalid; however, at the hearing on the motion he argued that only the first offense was invalid. Further,: at the hearing he raised, two additional grounds for quashing the charge: the record of the first offense did not contain a bill of information and the sentence imposed was illegal. The State objected to *1108 these arguments as they were not contained in the motion to quash.
DISCUSSION:
Generally, the validity of a guilty plea turns on whether the defendant was informed of three fundamental constitutional rights: 1) his privilege against compulsory self-incrimination, 2) his right to trial by jury, and 3) his right to confront his accusers. Further,. the record must show that after being informed of these rights, the defendant knowingly and voluntarily waived them. State v. Juniors, 03-2425 (La.6/29/05), 915 So.2d 291, cert. denied, Juniors v. Louisiana, 547 U.S. 1115, 126 S.Ct. 1940, 164 L.Ed.2d 669 (2006), citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed,2d 274 (1969); State v. Dadney, 14-511, pp. 5-6 (La.App. 5 Cir. 12/16/14), 167 So.3d 55, 59. These requirements also apply to use of a misdemeanor guilty plea as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony. State v. Jones, 404 So.2d 1192, 1196 (La.1981).
In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, the Supreme Court held that for recidivist DWI prosecutions, the State may satisfy its burden of production and persuasion by producing proof of a prior DWI conviction by way |aof a counseled guilty plea. The burden then shifts to the defendant to produce evidence of a significant procedural irregularity in the plea. If such evidence is produced, the burden shifts back to the State to produce other contemporaneous records of the guilty plea, including a transcript of the plea colloquy, to demonstrate that the defendant made a valid waiver of his right to trial. Carlos, 98-1366 at p. 6-7, 738 So.2d at 559.
The State introduced the minute entries in the 2006 case that indicate Granier pleaded guilty under La.Code Crim. Proc. art. 894 and paid a fine of $1,238.50. Additionally, the State introduced a copy of the Waiver of Constitutional Rights Plea of Guilty form, signed by Granier, his attorney and the judge on September 13, 2006.[2] The same form contained an acknowledgement, signed by the defendant, affirming that the judge addressed him personally as to all of the details of the waiver, and gave him an opportunity .to make any statement he,|4desired. The form concluded: “Nev *1109 ertheless, I do hereby enter a plea of GUILTY to the charge of OPERATING A VEHICLE WHILE INTOXICATED.”
The defendant admits that the documents introduced by the State arguably satisfy the State’s initial burden. However,- he claims .that there is no charging document or bill of information in the file; therefore, the guilty plea is null and void. He disputes the fact that an actual colloquy took place-between him and the judge, and because the State cannot offer a perfect Boykin transcript reflecting a waiver of his rights, the predicate'offense cannot stand.
Granier, relying on State v. Pertuit, 98-1264 (La.App. 5 Cir. 4/27/99), 734 So.2d 144, argues that the absence of a transcript of the colloquy indicating that trial court verbally advised him of his rights and accepted his waiver of those rights, is a fatal flaw which precludes the use of offense No. 1 to enhance his sentence. Granier acknowledges that the record contains a “Waiver of Constitutional Rights Plea of Guilty,” and that the same form contains an acknowledgment stating that he was personally advised by the judge as to his constitutional rights. 'Nonetheless, Granier maintains that the waiver and acknowledgment, standing alone, are insufficient to qualify for enhancement purposes.
The State argues that although there is no transcript of the September 13, 2006 hearing or a minute entry that reflects Granier was orally ádvised of his rights, the use of the combination of a guilty plea form, minute entry, or “imperfect | ^transcript” is sufficient for the trial court to weigh the evidence submitted by both sides to determine if the defendant’s rights were prejudiced.
The trial judge, taking judicial notice of the' conditions in traffic Court following Hurricane Katrina, i.e., stated that he knew a transcript did not exist because he had been “there”[3] in 2006, and he knew “what was happening in the city.” The trial court concluded that without a transcript, the State would lose.
Defense counsel’s reliance on Pertuit, 98-1264, 734 So.2d 144, for the proposition that a well-executed waiver of rights/guilty plea form without a minute entry or a transcript of the plea, is not sufficient to show a knowing and voluntary waiver of his rights, is misplaced. The Fifth Circuit stated:
While it is preferable for the trial judge to conduct a colloquy to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea.
It is the state’s burden to show that the defendant knowingly and expressly waived his Boykin1 rights when entering his guilty plea. State v. Santiago, 416 So.2d 524 (La.1982). To meet this requirement, the state may rely on a contemporaneous record of the' guilty plea proceeding, i.e., either the transcript or the. minute entry. State v. Bland, 419 So.2d 1227 (La.1982). However, a guilty plea-rights waiver .form, even if well-executed in every detail, without minutes or a transcript of the plea is not sufficient to show a knowing and voluntary waiver of Boykin rights. State v. Delanoix, 92-1705 (La.App. 1 Cir. 8/9/93), 637 So.2d 515; State v. Dejean, supra [94-459 (La.App. 5 Cir. 11/28/95), 694 So.2d 284].
In light of these principles, we must now determine whether the state presented sufficient evidence- in the trial court to support a finding that the defendant knowingly waived his rights *1110 when he pled guilty on March 4, 1093. ■ At the hearing on the motion to quash, both the. state and the defense referred to the memoranda that they had filed. In connection -with.- his motion to quash and the memorandum in support thereof, the defendant introduced the transcript of the March 4,. 1993 guilty plea which clearly shows that the trial court did not |(iadvise the defendant of any rights prior to accepting the plea. The transcript merely contains a.statement by the defendant’s attorney that “I’ve executed a boykin form that I give to the court at this time.” To support its opposition to the motion to quash, the state attached to its memorandum a copy of the waiver of rights executed in connection with the March 4,1993 guilty plea. The waiver form was signed by the defendant and the assistant district attorney; however, there is no indication that it was signed by either the trial judge or the defense attorney. We find that this evidence is not suffi- ' cient 'to prove that the defendant knowingly and voluntarily Waived his constitutional rights prior to the entry of the challenged guilty plea. See State v. Wilkerson, 533 So.2d 136 (La.App. 1 Cir. 1988) and State v. Dejean, supra. Accordingly, we'find that the trial judge did not err in granting the defendant’s motion to quash, (emphasis added.)
(Footnote omitted) Pertuii, 98-1264, pp. 3-4, 734 So.2d 144, 146-47.
In State v. Robair, 622 So.2d 829 (La.App. 4 Cir.1993), the defendant pled guilty to a theft charge and was later found to be a second felony offender. At the multiple bill hearing, defense counsel objected to the defendant being adjudicated a second felony offender because the plea form from the earlier offense was not signed a second time at the bottom of the page acknowledging that there was a colloquy between the judge and the defendant. This Court stated:
The plea form taken with the minute • entry attesting to the defendant’s Boyk-inization constitutes a valid waiver. State v. Tucker, 405 So.2d 506 (La.1981); State v. Arrington, 455 So.2d 1284 (La.App. 4th Cir.1984); State v. Kelly, supra [524 So.2d 128 (La.App. 4th Cir.1988)]; State v. Thompson, 639 So.2d 1008 (La.App. 4th Cir.1989), writ denied, 544 So.2d 399 (La.1989).
At the multiple bill hearing the State introduced the guilty plea, the minute entry, the docket master, the bill of information, and the arrest register for the appellant’s prior conviction. On the plea form the appellant signed, he ad.mitted his guilt, acknowledged his sentence, and indicated his understanding of his right to a jury trial, his right to confront his accusers, and his privilege against self-incrimination. The appellant was represented by counsel when he pled guilty, The guilty plea form is signed once by the appellant, the judge, and defendant’s attorney, Tilden H. Greenbaum.' However, at the bottom .below the sentence stating, “The Judge has addressed me personally as to all of these matters and he has given me the opportunity to make any statement I desire,” the appellant did not sign his name. The form is I initialed in only one ' plaee-where the possible' sentence is stated; however, there are no blanks for initials on other lines oh the form.
This Court found that defendant’s representation by counsel, signature on the plea form on.which his rights were specified, and delineation of his rights on the minute entry provided evidence that he, voluntarily waived his constitutional rights when he pleaded guilty to predicate offense. Robair, 622 So.2d at 830-32. See also State *1111 v. Williams, 02-1815 (La.App. 4 Cir. 11/20/02), 833 So.2d 428.
In State v. Marlbrough, 13-688 (La.App. 5 Cir. 3/12/14), 138 So.3d 65, the defendant was charged with.DWI third offense and claimed that one of the two predicate. DWI guilty pleas was not valid. The plea form for the predicate conviction questioned was in Second Parish Court case number S1118500; it provided that the defendant was pleading guilty to DWI after having been informed of and understanding the charge to which he was pleading. The plea form provided that he was waiving the “following rights,” which included the right to a trial by a judge (and if convicted, the right to appeal), the right to cross-examine witnesses, and the right against self-incrimination. The defendant was also advised of his right to compulsory process of the court to require witnesses to appear and testify for him, and the right to have an attorney present at every stage of the proceeding, and if financially unable to employ counsel, one would be appointed to represent him. The Court stated:
The plea form states that by entering this plea under La.G,Cr.P. art, 894, defendant was waiving all of those rights. It also set forth the sentence defendant was going to receive and the fact that defendant had not been forced, threatened, or intimidated to make this plea. The plea form reflected that this conviction could be used in the .future to en-, hanee or increase the penalties he would receive for any subsequent conviction of the crime, of DWI. The plea form was dated August. 9, 2011 and signed by defendant, defense counsel, and the trial judge.
^Defendant is correct is asserting that the “Certificate” [certifying that the above rights have been read and explained to my full satisfaction] at the end of the waiver of rights form (located on the form immediately after the signa-tm’es of defendant, his attorney, and the trial judge) was not completed or signed by defendant. . ..
Upon review of the conviction packet in. Second Parish. Court. case number S1118500, we find that defendant knowingly and voluntarily waived his constitutional rights in the prior guilty plea, and therefore that plea can be used as a predicate conviction in the present case. The guilty plea form. dated August 9, 2011 reflects that defendant was advised of his Boykin rights and . then knowingly and voluntarily waived them as evidenced by his signature and that, of his attorney and the trial judge on the form. ■ Additionally, the master docket sheet for the subject case states that on August 9, 2011, defendant was advised of his Boy-kin rights by the court and pleaded guilty as charged under Ua.O.Or.P. art. 894. Thus, we agree with the trial judge (and with, the analysis, by the Ito-haif court) and find that the above-quoted “Certificate” and certification at the end of the waiver of rights form was unnecessary, because defendant acknowledged in the previous portions of the form that he had been advised of and was waiving his rights.
(Footnote omitted) Marlbrough 13-688, pp. 11-12,138 So.3d at 78-74.
. In this case, at the motion to quash hearing, defense. .counsel , argued that the State could not prove a valid prior DWI- in traffic court. The State carried its initial burden by producing the waiver of constitutional rights/plea of guilty form, which listed the rights which the defendant was waiving. The form indicated that the defendant was pleading guilty, because he was in. fact guilty and that he had not been forced, threatened, or intimidated to make the plea. The form further provided that the acts and elements of the offense had *1112 been explained to the defendant along with the'possible sentence if convicted of a first conviction or a second conviction. Once the State met its initial burden, the defense attempted to make an affirmative showing of an infringement of his rights on a procedural irregularity. Apparently because counsel had no proof of an infringement of ‘ the defendant’s rights, counsel produced the entire file of the traffic court’s DWI laprosecution of the defendant and focused on the lack of a bill of information or affidavit. However, the exhibits produced by the State include the violations and the affidavit number, S-261428 in Division A. The affidavit number appears at the top of the minute entries, including the September 13, 2006 entry indicating the guilty plea. Defense counsel then claimed that the fine was over the maximum allowed and defendant was hot sentenced to any jail time.
Assuming' arguendo, that the defense production of the file and procedural arguments are considered to satisfy the defendant’s burden, then the burden would revert to the State to produce a “perfect” Boykin transcript; if that is hot possible the State may produce a guilty plea form. The trial court is then required to weigh the evidence presented by both sides and determine whether the defendant’s Boykin rights were prejudiced.
Granier’s Waiver of Constitutional Rights/Guilty Plea form listed the Boykin rights, were waived by the. defendant, who signed the form, along with his counsel and the traffic court judge. Additionally, Granier signed the ■ acknowledgement at the bottom of the form acknowledging that the judge had addressed him personally as to all the above and foregoing matters that included the listing of his rights, which he waived. The trial court did not weigh the evidence to decide if the defendant’s rights had been prejudiced. The court stated that if the State could not produce the transcript, then the State would lose. We find that to b.e in error.
Accordingly, for the foregoing reasons, we reverse the judgment of the trial court and remand this matter for further proceedings.
REVERSED AND REMANDED

. Case No. S-261628 "A" in Ae Traffic Court for Ae City of New Orleans. ■

. The waiver of constitutional rights/plea of guilty form dated September 13, 2006, and the defendant, his attorney and the judge signed provided that defendant was informed of and understood the charge to which he was pleading guilty. The form listed the following rights which the defendant- was waiving: 1) right to trial by judge, and if convicted, right to appeal; 2) to face and cross-examine the witnesses who accuse him of the crime charged; 3) the privilege against self-incrimination, of not having to take the stand and testify; and 4) the right to compulsory process of the court to require witnesses to appear and testify for him. The form further indicated that the defendant was pleading guilty because he was in fact guilty, and that he had not been forced, threatened or intimidated to make the plea. The form also provided that the acts and elements of the offense had been explained to the defendant, as well as the facts, and that he would receive the indicated sentence if convicted as a first conviction and as a second conviction. The form also indicated that .the conviction could be used against him in the future to enhance or to increase the sentence or penalties he would receive for any subsequent DWI conviction. The form explained that if the defendant wished to proceed to trial, he had the right to have competent counsel to represent him, and if he was unable to pay for counsel, the court would appoint competent counsel. If he were convicted, he would have the right to appeal. The declaration on the form provided that defendant was Waiving the above rights, and concluded that the guilty plea would result in the suspension of his driver’s license for a minimum of ninety days. Last, the form stated that defendant agreed that no promises had been made to him in exchange for his guilty plea.

. Algiers, Louisiana, where traffic court was being temporarily conducted post-Katrina.