Judge Daniel L. Dysart hThe State of Louisiana appeals the district court’s grant of the Motion to Quash filed by the defendant, Jeffrey Granier. .The district court granted the defendant’s motion on March 7, 2016, and thereafter granted the State’s Motion for Appeal and Designation of. Record on January 20, 2017. However, on March 24, 2017, the district court granted the defendant’s Motion to Dismiss Appeal as untimely. The State filed an application for supervisory writ challenging the dismissal of its appeal, while concurrently timely filing its appeal brief. We granted the supervisory writ for the limited purpose of deferring consideration of the merits of the writ application to the appeal panel. We have consolidated the writ application and the appeal. | .WRIT NO. 2017-K-0355: We first address the State’s writ application. The district court granted the underlying motion to quash filed by the defendant, Jeffrey Granier,[1] on March 7, 2016. The record contains a copy of a Motion for Appeal filed by the State, date stamped March 21, 2016, and signed and dated by the presiding judge, setting a return date of July 25, 2016. Due to a clerical irregularity in the court' below, the original motion was not filed into the record of the case,[2] and no notices were mailed. Upon realizing several months later that the appeal had never been prepared or lodged in this Court, on January-20, 2017, the State moved the district court to issue a minute entry noting that the State had indeed filed a Motion for Appeal and Designation of Record oh March 21, 2016. The motion was granted. On February 14, 2017, defendant fíled a Motion to Dismiss the Appeal arguing that as the “original” motion for appeal was not entered timely on the record, and that the appeal should be dismissed; Despite the district court having signed the original Motion for Appeal and a motion to issue a minute entry indicating that the motion for appeal was filed timely, it granted the defendant’s motion' to dismiss the appeal on the basis that; the motion was not filed timely. We find this to be in error, Louisiana Code Criminal Procedure 914 A- and B provide that “the appeal shall not be affected by any fault or omission on the part Rot the district court,” and “failure of the minute clerk, the clerk of' court, or the party moving for the appeal, to provide notice shall not affect the validity of the appeal.” The record evidence, i.e., the order signed and dated by the trial judge, which is also date stamped and signed by the court clerk, confirms that a representative of the district attorney’s office moved timely for an appeal of the court’s March 7,2016 ruling. Accordingly, we find that the district court erred in dismissing the State’s appeal. APPEAL NO, 2017-KA-447: Jeffrey Granier was charged with one count of third offense operating a vehicle while intoxicated (DWI), a violation of La. R.S. 14:98D, on June 11, 2014. He pled not guilty and fifed a motion to quash arguing that the first predicate offense had been obtained in violation of his constitutional rights. The district Court granted the motion, agreeing with the defendant that his first plea was invalid as he had not been properly advised of his rights. This Court reversed the ruling as it found the district court had not weighed the evidence presented by the State, namely, the defendant’s Waiver of Constitutional Rights/ Guilty Plea form, which the defendant, his counsel and the trial judge had signed, and the acknowledgement signed by the defendant indicating that the trial judge had personally addressed him as to all of the rights he was waiving. On remand, the defendant re-urged his motion to quash, which was again granted by the district court. |4In State v. Granier, 15-0608 (La.App. 4 Cir. 10/28/15), 178 So.3d 1106, this Court recognized that: “for recidivist DWI prosecutions,' the State may satisfy its burden of production and persuasion by producing proof of a prior- DWI conviction by way of a counseled guilty plea. The burden then shifts to the defendant to produce evidence of a significant procedural irregularity in the plea. If such evidence is produced, the burden shifts back to the State to produce other contemporaneous records of the guilty plea, including a trinscript of the plea colloquy, to demonstrate that the defendant made a valid waiver of his right to trial. Granier, 15-0608, pp, 2-3, 178 So.3d at 1108, citing State v. Carlos, 98-1366, pp. 6-7 (La. 7/7/99), 738 So.2d 556, 559. The record in this case contains the files from case number S-261428 “A,” the defendant’s first DWI offense. The record indicates that the defendant was represented by counsel at arraignment and at the time of his plea. The record contains a Waiver of Constitutional Rights/Plea of Guilty form signed by the defendant, his attorney and the judge. The form contains an acknowledgement, signed by the defendant, affirming that he was personally addressed by the judge 'as to all details of the waiver, and he was given an opportunity to make a statement, and that “[njevertheless, I do hereby enter a plea of GUILTY to the charge of OPERATING A VEHICLE WHILE INTOXICATED,”-The record also includes minute entries indicating that the defendant pleaded guilty pursuant to La. Code Crim. Proc. art, 894 and paid a fine. . . -The defendant argues that the minute entries do not indicate that the district court accepted the waiver, that a colloquy took place between the defendant and the court, that the defendant’s plea was free and voluntary, or that the defendant I sunderstood his rights. While wé' agree that the minute entries do not indicate any of the above, the defendant’s signature, his attorney’s signature and the judge’s signature on the waiver form and acknowledgment do confirm those facts. The acknowl-edgement, signed by the defendant, states that he was addressed personally by the judge. The defendant also relies on comments made by the district court concerning procedures in traffic court following Hurricane Katrina. However, the defendant has submitted no. proof to substantiate his claims.[3] His reference to comments made by the judge as to the conditions in traffic court following Hurricane Katrina do not rise to the level of judicial notice. Thus, relying on State v. Carlos, supra, we find the evidence produced by the State to be sufficient to substantiate the defendant’s first DWI offense. Specifically, we find that the State met its initial burden, and the defendant did not produce any affirmative evidence of an improper plea.[4] The defendant also argues that the fine he paid in connection with the 2006 DWI charge was excessive and thus constitutes a procedural irregularity sufficient to shift the burden back to the State to prove his plea was valid. This argument has no merit. IflAn excessive fine is a sentencing issue that- must be addressed pursuant to La. Code Crim. Proc. art. 882; it has no bearing on the validity of a plea for purposes of recidivist DWI prosecutions. Accordingly, we grant ,the State’s writ and reverse the ruling of the district court dismissing its appeal. We further reverse the ruling of the district court as to the defendant’s Motion to Quash, and.remand this matter for further proceedings. WRIT GRANTED, MOTION TO DISMISS REVERSED; JUDGMENT ON MOTION TO QUASH, REVERSED; REMANDED . This Court reversed the district court’s earlier ruling granting a motion to quash the habitual offender bill and remanded the case to the district court for further proceedings. State v. Granier, 15-0608 (La.App. 4 Cir. 10/28/15), 178 So.3d 1106. . Both parties agreed at oral argument that the standard operating procedure in Criminal District Court is to present a motion to the minute clerk of the division for signing and dating. The minute clerk then flies the motion into the record, and the clerk of court distributes the appropriate notices. . Courts may properly take judicial notice only of facts that may be regarded as forming part of the common knowledge óf every person of ordinary understanding and intelligence. Perez v. Evenstar, Inc., 12-0941 (La. App. 4 Cir. 1/30/13), 108 So.3d 898. . See also, State v. Shelton, 621 So.2d 769, 779 (La. 1993)("[w]hen a defendant denies the allegations contained in the bill of information in an habitual offender proceeding, the burden is on the State to prove' the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken, If the State meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or á procedural irregularity in the taking of his plea.).